IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLOBAL FINISHING SOLUTIONS, LLC,

Plaintiff,

v.                                                          ORDER

CATALYTIC COMBUSTION CORPORATION,                            16-cv-731-jdp
JEFF KLOES, KEITH LAUBE, and VICKI HAGBERG,

Defendants.

---

Plaintiff Global Finishing Solutions, LLC brings this action against its former employees and its competitor, asserting trade secret misappropriation, breach of contract, and tortious interference claims. GFS contends that its former employees, defendants Jeff Kloes and Keith Laube, and their current employer, defendant Catalytic Combustion Corporation, misappropriated, used, and continue to use GFS's trade secrets relating to designing paint booths. GFS also contends that defendant Vicki Hagberg, a former sales manager at GFS, breached her agreement not to compete with GFS by working in a substantially identical role at CCC.

GFS now moves to seal two exhibits filed with the complaint, on the basis that those two exhibits contain terms of GFS employees' separation benefits. Dkt. 2. GFS has complied with this court's standing Administrative Order 311, which requires a party to file a redacted, public version of any sealed document. The public therefore has access to all non-confidential portions of the relevant documents. GFS's redactions are relatively minor, and the redacted information does not appear relevant to this case. GFS also notes that because this case has just commenced, the parties have not yet had the opportunity to negotiate a protective order. The court will grant GFS's motion.

The presumption in favor of the public's open access applies to "documents that affect the disposition of federal litigation." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419-20 (7th Cir. 2014). And although courts do not "look favorably on indiscriminate, reflexive motions to seal," courts may grant "narrow, specific requests" where those requests are "based on articulated, reasonable concerns for confidentiality." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013).

Here, there is no indication that the case will turn on the redacted information. GFS also represents to the court that the terms of its employee separation benefits are confidential. The court will seal those limited portions of the two exhibits to protect GFS's commercially sensitive information.


ORDER

IT IS ORDERED that plaintiff Global Finishing Solutions, LLC's motion, Dkt. 2, to seal Exhibits 4 and 7 of plaintiff's complaint, Dkt. 1-4 and Dkt. 1-7, is GRANTED.

Entered November 9, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge