IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

GLOBAL FINISHING SOLUTIONS, LLC,

                Plaintiff,

    v.                                    OPINION & ORDER

CATALYTIC COMBUSTION CORPORATION,         16-cv-731-jdp
JEFF KLOES, KEITH LAUBE, and VICKI
HAGBERG,

                Defendants.
───────────────────────────────────────────────

Plaintiff Global Finishing Solutions, LLC (GFS) makes paint spray booths. GFS asserts trade secret misappropriation, breach of contract, and tortious interference against a competitor, Catalytic Combustion Corporation, and against former GFS employees who have gone to work for Catalytic.

GFS moves to dismiss its claims against defendant Laube. Dkt. 75. That motion is unopposed and it is granted.

Hagberg and Kloes move for leave to amend their answer, Dkt. 76, to add the affirmative defense that non-competition provisions in their contracts are unenforceable under Wisconsin law, Dkt. 76-1, at 22. That motion is denied.

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend when justice so requires. The court need not grant leave "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citations omitted). The issue here is undue delay. Undue delay "generally arises when a [party] seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674,

687 (7th Cir. 2014). But passage of time alone, without more, does not cause undue delay: some prejudice to the adversary is required. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Prejudice can be shown by an amendment that would "substantially alter the course of trial or effectively deny [the opponent] the opportunity (and certainly the reason) to take discovery." *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 750 (7th Cir. 2015); *accord* James Wm. Moore, *Moore's Federal Practice* § 15.15 (3d ed. 2017) ("Prejudice is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery.").

Hagberg and Kloes moved to amend their answer on September 27, 2017, nearly six months after the deadline for amending pleadings, which was March 31, 2017. Dkt. 17, at 1. The extended dispositive motion deadline is October 27, 2017. At this point in the case, a significant amendment to the pleadings would have to be well justified. Hagberg and Kloes were sued for violating their contracts with GFS, which included non-competition provisions. It would be common in a case like this for a defendant to assert the affirmative defense that the non-competition provision was unenforceable, and to do so in the first answer. So what justifies the delay?

Hagberg and Kloes contend that they only recently discovered the facts that support their affirmative defense. They contend that through depositions of other GFS employees taken in September 2017, they learned that (a) the non-competition provisions were not reasonably necessary to GFS because other GFS employees were not required to sign non-competition agreements, and (b) that the worldwide scope of their agreements was unreasonably broad because GFS has only limited foreign business. Dkt. 76, ¶¶ 6–9.

The court is not persuaded that the delay was justified or harmless. First, there is no reason why Hagberg and Kloes could not have taken the depositions much sooner. The unenforceability defense is common in cases like this, and Hagberg and Kloes should have moved diligently to develop the evidence they needed to make it. Second, Hagberg and Kloes base their unenforceability defense on a factual premise: that it was not reasonably necessary to GFS's legitimate business needs. It is probably true that most of the evidence GFS would need on this issue is within its possession, but GFS would still have to compile this evidence and prepare to present it. And we are now well past the date for the disclosure of expert testimony (August 4, 2017). The bottom line is that the late assertion of this affirmative defense impairs GFS's ability to respond to it.

ORDER

IT IS ORDERED that:

1. GFS's motion to dismiss defendant Keith Laube, Dkt. 75, is GRANTED.

2. Defendants Jeff Kloes and Vicki Hagberg's motion for leave to amend their answer, Dkt. 76, is DENIED.

Entered October 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge